UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY AND NATALIE COUPEL,** **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1275** |
| **ELIE EDMOND KFOURY, ET AL.,** **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is an appeal of a bankruptcy court's decision filed by Appellants and debtors, Larry and Natalie Coupel ("the Coupels").[1] Appellants filed a brief in support of their appeal.[2] Appellee Elie Kfoury, who originally filed suit on behalf of himself and several members of the Kfoury family (collectively "the Kfourys"),[3] filed a brief with this Court.[4] Appellants filed a reply.[5]

## BACKGROUND

This appeal arises out of the facts and circumstances underlying state court litigation over a parcel of land in Assumption Parish. On August 20, 2008, the Kfourys filed a possessory action against the Coupels in Louisiana state court, alleging that the Coupels had disturbed the Kfourys' possession of their land.[6] On April 15, 2009, the parties reached a compromise to settle the dispute and recited the compromise on the record.[7] Prior to reading the settlement on the record, the court instructed the parties and

---

[1] R. Doc. 1.
[2] R. Doc. 6.
[3] R. Doc. 7, p. 2 n.7.
[4] *See generally id.*
[5] R. Doc. 8.
[6] *See Kfoury v. Coupel*, No. 2010-1254, 2011 WL 766960, at *1 (La. Ct. App. 1st Cir. Feb. 11, 2011). The Kfourys also asserted ownership of a road located on the land.
[7] *Id.*

1

counsel to "listen closely," and cautioned that the parties would be bound by the terms of the settlement.[8] The settlement agreement provided:

> Mr. Harold Terracina [a land surveyor retained by Mr. Kfoury] and Mike Mayeaux [a land surveyor retained by the Coupels] . . . will go out and work and mark and identify the eastern boundary line of the west half of the southeast quarter, section 35, township 13, south range 13 east as well as the line westward to the lake. They will utilize the Humble/Exxon surveys and other related material to perform their work. *The boundary will be established as to—that boundary, once established will be the extent of the possession and ownership of Kfoury family . . .* but will include but not limited to [sic] the launch on the rear road and the appurtenances will be deemed to be in the possession owned by the Kfoury family once that line is marked.[9]

On June 8, 2009, the Kfourys filed a motion in the state court action to enforce the settlement agreement, alleging that the Coupels did not comply with the terms of the settlement agreement.[10] The state court held a hearing, entered a judgment enforcing the terms of the settlement agreement, and adopted the boundary established by the Kfourys' land surveyor.[11] The Coupels moved for a new trial, arguing that the settlement agreement was unenforceable, that the Kfoury survey had not been approved by the Coupels' surveyor as originally contemplated by the parties, and that the Kfourys failed to abide by the terms of the settlement agreement.[12] The state court denied the motion.[13] On July 20, 2009, the state court issued a judgment memorializing the settlement agreement, which stated in relevant part:

> IT IS ORDERED that, ELI KFOURY, ET AL, representing the Kfoury Family, is the owner and in possession as owner of all of Section 34 and the Western Half of Section 35 . . . .

---

[8] *Id.*
[9] *Id.* (emphasis added).
[10] *Id.* at *2. The Coupels refused to have their appointed surveyor inspect the parcel and construct a boundary.
[11] *Id.*
[12] *Id.*
[13] *Id.*

2

> IT IS FURTHER ORDERED THAT, the Eastern boundary line . . . is hereby declared, appointed an acknowledged to be that which is identified on a plat of survey by Harold Terracina . . . . All property identified as Eli Kfoury, et al . . . is adjudged to be in possession of "KFOURY". . . .
>
> IT IS FURTHER ORDERED that "COUPEL" *relinquishes all claims of possession and/or ownership in and to the property* which lies west of the line . . . .
>
> IT IS FURTHER ORDERED that "KFOURY" has a right of passage from their boundary line established in the said survey over "COUPEL" tract . . . . The said right of passage, is in the nature of a real right and predial servitude for the benefit of the Kfoury family . . . .[14]

The Coupels appealed the denial of the motion for a new trial as well as the state court judgment.[15] On February 11, 2011, the Louisiana Court of Appeal for the First Circuit affirmed, holding that "the trial court did not err in enforcing the settlement agreement and adopting the boundary established by [the Kfourys' surveyor], and it did not abuse its discretion in denying the Coupels' motion for new trial."[16] The Louisiana Supreme Court denied the Coupels' supervisory writ application.[17]

As recognized by the bankruptcy court in the case now on appeal, the Coupels continued to attempt to relitigate issues relating to the land and the settlement agreement but have been unsuccessful.[18] "The Coupels filed a[n unsuccessful] separate petitory action alleging claims similar to those alleged in this adversary proceeding in the [s]tate [c]ourt. Then, on September 18, 2010, the Coupels filed their first bankruptcy petition in [the bankruptcy court]."[19] On November 2, 2011, the Kfourys filed an action in state court, seeking injunctive relief against the Coupels for interfering with the Kfourys' right of

---

[14] *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 16-1, pp. 23-25 (Bankr. E.D. La.) (emphasis added).
[15] *See generally Kfoury v. Coupel*, No. 2010-1254, 2011 WL 766960 (La. Ct. App. 1st Cir. Feb. 11, 2011).
[16] *Id*. at *4.
[17] *Kfoury v. Coupel*, 63 So. 3d 1000 (La. 2011).
[18] *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 27, p. 3 n.4 (Bankr. E.D. La. May 2, 2024) (citations omitted).
[19] *Id*.

3

passage as recognized in the July 2009 judgment.[20] The state court rendered a judgment in favor of the Kfourys, granting them injunctive relief, costs, and attorneys' fees.[21] In the bankruptcy court, the Coupels attempted to argue that, as a result of the bankruptcy proceeding, an automatic stay pursuant to 11 U.S.C. § 362(a)[22] should "void and cancel" the state court judgment granting injunctive relief and awarding the Kfourys costs and attorneys fees.[23] In response, the Kfourys filed a motion in the bankruptcy court for a determination that the automatic stay did not apply to the post-bankruptcy petition state court proceedings, in which the Kfourys sought injunctive relief.[24] On January 26, 2016, the bankruptcy court determined the stay did not affect the 2011 action for an injunction because the 2009 judgment enforcing the settlement agreement was entitled to full force and effect.[25] On February 1, 2016, the Coupels appealed the bankruptcy court's judgment[26] to this Court.[27] The bankruptcy court issued an order granting the Coupels' motion for discharge on June 21, 2016.[28] On August 26, 2016, this Court affirmed the bankruptcy court's judgment, finding that the automatic stay did not apply to the judgment enforcing the settlement agreement.[29] The bankruptcy case was closed on June 6, 2017.[30]

---

[20] *See* R. Doc. 7, p. 13 n.30.
[21] *Id.*
[22] 11 U.S.C. § 362(a).
[23] *See In the Matter of Coupel*, No. 10-13429, R. Doc. 152 (Bankr. E.D. La.).
[24] *Id.* at R. Doc. 160.
[25] *See Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 27, p. 3 n.4 (Bankr. E.D. La. May 2, 2024) (citations omitted); *In the Matter of Coupel*, No. 10-13429, R. Doc. 182 (Bankr. E.D. La.). The court determined, however, that the stay applied to the award of costs and attorneys' fees, and it denied the Kfourys' motion in part.
[26] The Coupels also appealed the bankruptcy court's denial of their motion for contempt and sanctions against the Kfourys. This court affirmed the bankruptcy court's order. *In re Coupel*, 556 B.R. 746, 756-57 (E.D. La. 2016).
[27] *In re Coupel*, 556 B.R. at 748-49; *In the Matter of Coupel*, No. 10-13429, R. Doc. 184 (Bankr. E.D. La.).
[28] *In the Matter of Coupel*, No. 10-13429, R. Doc. 224 (Bankr. E.D. La.).
[29] *In re Coupel*, 556 B.R. at 756-57.
[30] *See In the Matter of Coupel*, No. 10-13429 (Bankr. E.D. La.). The Coupels moved to reopen the bankruptcy case to cancel a lien on March 6, 2018, which the bankruptcy court granted. *Id.* at R. Docs. 229, 233. The case was then closed again on October 14, 2020.

4

The Coupels filed a second petition for bankruptcy on September 14, 2022.[31] On November 7, 2023, the Coupels filed the instant adversary proceeding in the bankruptcy court, entitled "Complaint to Determine Ownership of Real Property and/or Quiet Title."[32] On February 21, 2024, the Kfourys filed a motion to dismiss the adversary proceeding complaint pursuant to Federal Rule of Bankruptcy Procedure 7012[33] and Federal Rule of Civil Procedure 12(b)(6).[34] The Kfourys argued that (1) Plaintiffs' adversary petition claims are barred by res judicata because they were previously litigated in the state court, and (2) the bankruptcy court had previously recognized that the judgments of the Louisiana state court are valid and enforceable.[35] The Kfourys attached a copy of the final state court judgment to their motion to dismiss.[36]

On May 2, 2024, the bankruptcy court granted the motion to dismiss the adversary complaint, finding that the compromise on which the 2009 judgment was based has "preclusive effect" on the issues of possession and ownership under Louisiana law and that res judicata prevents the Coupels from re-litigating the validity and effectiveness of the compromise.[37] On May 14, 2024, the Coupels timely appealed the bankruptcy court's order to this Court.[38]

## **STANDARD OF REVIEW**

A district court has jurisdiction to hear appeals from final judgments of bankruptcy courts.[39] Rule 8002 of the Federal Rules of Bankruptcy Procedure requires that

---

[31] *In re Coupel*, Case No. 22-11060 (Bankr. E.D. La.).
[32] *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 1 (Bankr. E.D. La.).
[33] Made applicable by FED. R. BANKR. PR. 7002.
[34] R. Docs. 16, 17 (No. 23-1041).
[35] *Id.*
[36] R. Doc. 16-1 (No. 23-1041).
[37] R. Doc. 27, pp. 4-6 (No. 23-1041).
[38] R. Doc. 29 (No. 23-1041). Rule 8002 imposes a fourteen-day time limit for a party to appeal a judgment of a bankruptcy court to a district court. FED. R. BANKR. P. 8002.
[39] *See* 28 U.S.C. § 158(a).

bankruptcy appeals to district courts shall be taken in the same manner as appeals from district courts to courts of appeals.[40] "Under 28 U.S.C. § 1334(b), a bankruptcy court has jurisdiction over 'all civil proceedings related to bankruptcy cases. A proceeding relates to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the debtor's estate.'"[41]

"The standard of review for a bankruptcy appeal is the same standard used by an appellate court reviewing a district court proceeding."[42] For conclusions of law, the bankruptcy court's decisions are reviewed de novo[43] while findings of fact are reviewed for clear error.[44] Mixed questions of law and fact are reviewed de novo.[45]

"Bankruptcy Rule 7012 incorporates Federal Rule of Civil Procedure 12(b) in the bankruptcy adversary proceedings."[46] "Dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure are reviewed de novo."[47] "Although res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and from judicially noticed facts . . . ."[48] Federal courts are permitted to refer

---

[40] FED. R. BANKR. P. 8002.
[41] *Matter of Riverstone Resort, L.L.C.*, 122 F.4th 576, 581 (5th Cir. 2024) (citing *Natixis Funding Corp. v. GenOn Mid-Atl. Dev., L.L.C.,* 42 F.4th 523, 534 (5th Cir. 2022)).
[42] *In re Wallace, Rush, Schmidt, Inc.*, No. CV 23-00196, 2023 WL 6382610, at *2 (E.D. La. Sept. 29, 2023) (quoting *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989)).
[43] *In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014) (quoting *In re TransTexas Gas Corp.*, 597 F.3d 298, 304 (5th Cir. 2010)).
[44] *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008).
[45] *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).
[46] *Matter of Meyer*, No. CIV. A. 93-1245, 1993 WL 232045, at *3 (E.D. La. June 23, 1993), *aff'd sub nom.*, *In re Mayer*, 16 F.3d 1215 (5th Cir. 1994); *see* FED. R. BANKR. P. 7012(b) (providing that Federal Rule of Civil Procedure 12(b) applies in adversary proceedings).
[47] *In re Schmidt*, No. AP 20-05037-CAG, 2021 WL 1134417 (W.D. Tex. Feb. 26, 2021), *aff'd sub nom.*, *Matter of Schmidt*, No. 21-50230, 2021 WL 6060005 (5th Cir. Dec. 17, 2021).
[48] The Coupels did not argue in the bankruptcy court that the Kfourys could not raise res judicata in a motion to dismiss. Accordingly, like the bankruptcy court, the Court takes judicial notice of the 2009 judgment, as well as other matters of public record. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

to matters of public record when deciding a Rule 12(b)(6) motion to dismiss.[49] In this case, the bankruptcy court took judicial notice of "the prior judgments attached to the motion to dismiss," which are matters of public record.[50]

## LAW AND ANALYSIS

Louisiana law governs the Court's analysis as to the preclusive effects of the settlement agreement and the 2009 state court judgment.[51] The Coupels argue that their adversary complaint is not barred by res judicata because they now bring a petitory action, not a possessory action.[52] The Coupels argue that "the distinction between those two separate causes of action ought to be a determinative factor leading to the reversal of the bankruptcy judge,"[53] and that the "final judgment previously rendered by the state [courts] was directed to possession not title."[54] The Coupels further challenge the validity of the 2009 settlement agreement, arguing there was a "failure of consideration" because the Coupels' surveyor never surveyed the land as agreed.[55] The Coupels argue "[i]f there was no settlement, or if the [state] Court of Appeal got it wrong, then the bankruptcy judge ought to be reversed and this case permitted to go forward."[56]

The Kfourys argue that the bankruptcy court properly applied the Louisiana law of res judicata to find that the state court judgment bars the Coupels' adversary complaint.[57]

---

[49] *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (noting that a court may "take judicial notice of the public records in . . . prior state court proceedings.").
[50] *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 27, p. 4 (Bankr. E.D. La.); *see generally id.* at R. Docs. 16, 17.
[51] *See Vanguard Operating, LLC v. Klein (In re Vanguard Natural Res., LLC)*, 624 B.R. 400, 416 (Bankr. S.D. Tex. 2020) ("[I]n giving preclusive effect to the judgments of state courts, a federal court will apply the preclusion law of the state from which the judgment was rendered.").
[52] R. Doc. 6, pp. 7-8.
[53] *Id.* at p. 8.
[54] *Id.* at p. 10.
[55] *Id.* at p. 11.
[56] *Id.*
[57] R. Doc. 7, p. 21.

7

The Kfourys argue that the judgments rendered in both the state court in 2009 and the federal court in 2016 are valid and final, both judgments involve the same parties, the causes of action the Coupels assert now existed at the time of the final judgments, and the causes of action now being asserted arose out of the same transaction or occurrence that formed the basis of the original litigation.[58] The Kfourys argue that the settlement agreement reached in the state court was valid, read in open court, and subsequently enforced by the trial court when the Coupels attempted to contest its validity.[59] The Kfourys argue that, because the parties agreed in the settlement agreement that the Kfourys owned the parcel of land, the Coupels' adversary complaint asserting a petitory action to determine ownership is barred by res judicata.[60]

No factual findings are at issue on appeal. The Court reviews the bankruptcy court's legal conclusions in granting the Kfourys' motion to dismiss de novo.[61]

I. **The bankruptcy court "gave full force and effect" to the 2009 state court judgment.**

On July 20, 2009, the state court "entered a judgment enforcing the terms of the Compromise and adopting the boundary established by the Kfourys' land surveyor."[62] In 2016, the bankruptcy court held that the stay provisions of 11 U.S.C. § 362 did not apply and ordered that the 2009 Judgment "*shall be given full force and effect.*"[63] The Coupels appealed to this Court only the portion of the January 26, 2016 bankruptcy court decision regarding the applicability of the stay provisions of 11 U.S.C. § 362, and this Court

---

[58] *See id.* at pp. 22-23.
[59] *Id.* at p. 27.
[60] *Id.* at p. 28.
[61] Like the bankruptcy court, this Court finds that the Coupels did not challenge the Kfourys' failure to plead res judicata as an affirmative defense in the adversary proceeding. *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 27, p. 4 (Bankr. E.D. La.); *see id.* at R. Doc. 21 (Coupels' opposition). The issue is whether it is apparent that res judicata bars the adversary proceeding from the complaint. *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).
[62] Case No. 23-1041 at R. Doc. 27, p. 3; *id.* at R. Doc. 17-2.
[63] *Id.* (emphasis added); 11 U.S.C. § 362.

affirmed.[64] The Coupels did not appeal the portion of the bankruptcy court's order which gave full force and effect to the 2009 state court judgment. The Coupels now appeal the bankruptcy court's grant of the motion to dismiss the adversary proceeding.[65]

The Court notes that, in filing the instant adversary complaint, and on this appeal, the Coupels effectively attempt to untimely appeal the 2009 state court judgment and the bankruptcy court's 2016 decision giving effect to the 2009 state court judgment. The Coupels' appellate brief substantively challenges the validity of the 2009 state court judgment memorializing the settlement agreement, which recognized the Kfourys' ownership, possession, and rights of passage over the relevant land parcel.[66] The bankruptcy court, in deciding that a § 362 stay did not apply to stay the effects of the July 20, 2009 judgment and 2011 state court issuance of injunctive relief, found the 2009 state court judgment entitled to full force and effect. District courts have recognized that bankruptcy courts do not abuse their discretion by dismissing adversary proceedings for judicial economy when the proceedings would require the bankruptcy court to "re-litigate issues it had already determined."[67]

The Court addresses whether the bankruptcy court properly dismissed the adversary proceeding complaint.

---

[64] *In re Coupel*, 556 B.R. 746, 756-57 (E.D. La. 2016).
[65] R. Doc. 1.
[66] *See* R. Doc. 6, p. 11 ("The crucial question before this court is if the occurrences in the state court forum on April 15, 2009 constituted a compromise or settlement . . . [i]f there was no settlement, or if the Court of Appeal got it wrong, then the bankruptcy judge ought to be reversed and this case permitted to go forward.").
[67] *In re Spector Red Ball, Inc.*, No. ADV 11-5184-RBK, 2013 WL 1338036, at *12-13 (W.D. Tex. Mar. 29, 2013).

## II. The bankruptcy court correctly dismissed the Coupels' adversary complaint on the basis of res judicata.

Applying the preclusion law of Louisiana,[68] and considering federal preclusion law,[69] the bankruptcy court found that both the state court settlement agreement and the 2009 judgment memorializing the settlement agreement preclude the Coupels from relitigating the issues of ownership of the relevant parcel and the validity of the settlement agreement.[70] According to the terms of the settlement agreement, the Coupels and the Kfourys agreed that the boundary established would be the "extent of possession and ownership of the Kfoury family."[71] The trial court issued a judgment enforcing the terms of the settlement agreement and providing for the boundary line to be the line determined by the Kfourys' surveyor, which was affirmed by the court of appeal.[72]

Under Louisiana law, a "compromise precludes the parties from bringing a subsequent action based on the matter that was compromised."[73] "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings."[74] "Louisiana law provides two essential elements for a compromise: '(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences.'"[75] The settlement agreement satisfied these requirements.

---

[68] *See In re Limbaugh*, 155 B.R. 952, 956 (Bankr. N.D. Tex. 1993).
[69] *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 27, p. 4 n.5 (Bankr. E.D. La.); *see Limbaugh*, 155 B.R. at 958.
[70] No. 23-1041, R. Doc. 27 at pp. 4-6.
[71] *Kfoury v. Coupel*, 2011 WL 766960, at *1 (La. Ct. App. 1st Cir. 2011).
[72] *Id.* at *2.
[73] LA. C. C. ART. 3080.
[74] LA. C. C. ART. 3072.
[75] *Ridgecrest Realty LLC v. Graphic Packaging Int'l LLC*, No. 3:20-CV-01351, 2024 WL 4518348, at *4 (W.D. La. Aug. 22, 2024) (citing *Trahan v. Coca Cola Bottling Co. United, Inc.*, 894 So. 2d 1096, 1104 (2005)). The Court finds these elements are satisfied, as the parties entered into the settlement agreement in open court, were represented by counsel, and mutually intended to end the litigation in entering the agreement.

The Louisiana Supreme Court, interpreting Louisiana's statute on res judicata,[76] has held that a final judgment bars an action when

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[77]

The Court finds that res judicata bars the Coupels from relitigating the validity and the substance of the settlement agreement enforced by the state court's July 20, 2009 judgment. The first and second requirements are met, as the July 20, 2009 judgment is valid and final. The Louisiana Court of Appeal for the First Circuit affirmed the trial court's July 20, 2009 judgment, in which it determined that the conditions set forth in the settlement agreement were fulfilled.[78] The Louisiana Supreme Court denied writs.[79] The third requirement is met as the litigants do not dispute that the parties are the same.

With respect to the fourth requirement, the cause of action asserted in the adversary proceeding existed at the time of the final judgment in the original litigation filed in 2008. The litigation commenced as a result of the Kfourys filing a possessory action against the Coupels,[80] but the settlement resolved all issues of ownership and possession.[81] It is clear that at the time of the final judgment in 2009, the Coupels' cause of action for ownership of the parcel existed. The 2009 judgment was entered as a result

---

[76] LA. R.S. § 13:4231.
[77] *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003).
[78] *Kfoury v. Coupel*, No. 2010-1254, 2011 WL 766960, at *4 (La. Ct. App. 1st Cir. Feb. 11, 2011) ("Although defendant had ample time within which to obtain a title opinion and a survey on the subject property . . . ., the evidence shows that defendant did not do so. Therefore, under C.C. art. 1772, these conditions are deemed fulfilled and plaintiff is entitled to specific performance.").
[79] *Kfoury v. Coupel*, 63 So. 3d 1000 (La. 2011).
[80] *Kfoury v. Coupel*, 2011 WL 766960, at *1 ("Mr. Kfoury alleged that he had been in peaceful possession of a certain tract of land located in Assumption Parish for at least 30 years. He also alleged that the Coupels, who own property adjacent to Mr. Kfoury's property, had disturbed his possession and, in other litigation, had asserted that they owned a road on Mr. Kfoury's property.").
[81] *See id.*

of the Kfourys filing a motion to enforce the settlement agreement, and the Kfourys were recognized as owners and possessors of the surveyed parcel and as holders of a real right of passage.[82] Finally, with respect to the fifth requirement, the petitory cause of action the Coupels advance in their adversary complaint arose out of the same transaction and occurrences that initiated the state court proceedings: the dispute over the ownership of the property.

The parties remain bound by the terms of the settlement agreement that resolved the dispute between them.[83] Res judicata bars the Coupels from contesting the validity of the 2009 state court judgment, which recognized the limits of the Kfourys' ownership of the parcel.

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that the Bankruptcy Court's May 2, 2024 order granting the Kfourys' motion to dismiss the adversary complaint is **AFFIRMED.**

**New Orleans, Louisiana, this 8th day of January, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[82] *Id.* at *2; *Coupel v. Kfoury*, Case No. 23-1041, R. Doc. 16-1, pp. 23-25 (Bankr. E.D. La.). The 2009 judgment recognized that the Coupels "relinquished all claims of possession and/or ownership in and to the property" as part of the settlement agreement. *Id.* In 2010, the Coupels unsuccessfully attempted to bring a petitory action in state court in order to collaterally attack the effects of the state court judgment. *Id.* at R. Doc. 17-4.

[83] The record reflects that, on appeal of that judgment, the Coupels made various arguments as to the enforceability of the compromise, including that "there were conditions contained within the agreement that were not met by the parties," which are similar to their present arguments on appeal. *Kfoury v. Coupel*, 2011 WL 766960 at *3.